IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESSES MASON, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 06 cv 3449 |
| v. | ) ) | Judge James B. Zagel |
| COUNTY OF COOK, ILLINOIS; MICHAEL SHEAHAN, Sheriff of Cook County; EDWIN BURNETTE, Public Defender of Cook County; and THE HON. KENNETH WRIGHT, Chief Judge of the Municipal Division of the Circuit Court of Cook County, | ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) | |

**ANSWER TO COMPLAINT FOR
<u>DECLARATORY AND INJUNCTIVE RELIEF</u>**

Defendant Cook County Public Defender Edwin Burnette, for his Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, states:

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution seeking declaratory and injunctive relief with respect to the practices employed by defendant County of Cook, Illinois ("Cook County") to set bail for indigent persons arrested within the City of Chicago. Cook County conducts bail hearings via closed circuit television rather than through an in-person hearing at which the applicant for bail is physically present in the courtroom with his counsel and with the judge. The Cook County practice of conducting "video bail hearings" results in flagrant denials of the procedural due process rights of bond applicants and of their right to the effective assistance of counsel at their bond hearings. Indigent bond applicants are given no meaningful opportunity to consult with counsel before or during these hearings; are stripped of any realistic ability during the hearing to communicate to the judge personal circumstances

> relevant to the setting of bail in their cases; and often have a prohibitively high bail set in a hearing that typically lasts less than 30 seconds. Cook County could correct this procedural unfairness and hold in-person bond hearings at little or no additional cost.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution seeking declaratory and injunctive relief with respect to the practices employed by Defendant County of Cook, Illinois, to set bail for indigent persons arrested within the City of Chicago, but denies that Plaintiff's Complaint states a valid claim for relief against him, and therefore denies the allegations contained in Paragraph 1 as to him. Defendant further admits the allegations contained in the second and fourth sentences of Paragraph 1, and admits that the Cook County practice of conducting video bail hearings results in denials of the procedural due process rights of bond applicants and of their right to the effective assistance of counsel at their bond hearings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

> 2. This is a civil action arising under 42 U.S.C. § 1983 and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Cook County is located in this District and the events giving rise to the claim occurred in this District.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, but denies that Plaintiff's Complaint states a valid claim for relief against him. Defendant admits the remaining allegations contained in Paragraph 2.

3. Plaintiff Esses Mason is an Illinois citizen and a resident of Chicago, Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3.

4. Defendant Cook County is a county of the State of Illinois, duly incorporated under Illinois law and located within the Northern District of Illinois. The County operates the Circuit Court of Cook County.

**ANSWER:** Defendant admits the allegations contained in the first sentence of Paragraph 4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Defendant Michael Sheahan is the Sheriff of Cook County. His deputies are in charge of the maintenance of the holding pens in which bond applicants are confined prior to their hearings in Central Bond Court.

**ANSWER:** Defendant admits that Michael Sheahan was the Sheriff of Cook County, but denies the remaining allegations contained in the first sentence of Paragraph 5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6. Defendant Edwin Burnette is the Public Defender of Cook County. His assistants and investigators are responsible for the effective representation of the indigent detainees who appear in Central Bond Court.

**ANSWER:** Defendant admits the allegations contained in Paragraph 6.

7. The Hon. Kenneth Wright is the Presiding Judge of the Municipal Division of the Circuit Court of Cook County and, in that capacity, has overall supervisory responsibility for the conduct of Central Bond Court. This suit seeks only declaratory relief against Judge Wright in accordance with 42 U.S.C. § 1983.

**ANSWER:** Defendant admits that the Hon. Kenneth Wright is the Presiding Judge of the Municipal Division of the Circuit Court of Cook County, and that Plaintiff purports

3

to bring this action against the Hon. Kenneth Wright for declaratory relief pursuant to 42 U.S.C. § 1983. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

       8.    The actions that each of the defendants is alleged to have taken in this case were under color of state law and, thus, constituted state action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8 as to him and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

       9.    Plaintiff files this action on behalf of himself and on behalf of all persons arrested within the City of Chicago who will be deprived of their liberty following a bail hearing at which they will be represented by the Cook County Public Defender and which will be conducted via closed circuit television at the Central Bond Court in the Criminal Court building at 26th Street and California Avenue. This action may be maintained as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant admits that Plaintiff purports to bring this suit as a class action as described in Paragraph 9, denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

      10.    This class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the Central Bond Court conducts bail hearings via closed circuit television for approximately 100 to 150 arrestees each day and that a substantial percentage of these individuals are unable to make bond and, thus, are deprived of their liberty as a consequence of the video bond hearing.

**ANSWER:** Defendant denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. There are questions of law or fact common to the class. These common questions include, but are not limited to, whether Cook County in fact has a policy and practice of conducting video bail hearings and whether, if this policy exists, it denies bail applicants their Fifth and Fourteenth Amendment rights to procedural due process.

**ANSWER:** Defendant denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. The Plaintiff's claims are typical of the class. On June 25, 2006, Plaintiff was arrested by the Chicago Police Department who allege that he committed the offense of possession of a stolen motor vehicle. In accordance with standard practice for persons charged with felony offenses in which the State is not seeking to deny bond, the Plaintiff will be transported to the Criminal Courts Complex at 26th St. and California Ave. for a bond hearing, which will be conducted via closed circuit television and at which, because Plaintiff is indigent, he will be represented by the Cook County Public Defender.

**ANSWER:** Defendant denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 12. Defendant admits the allegations contained in the second sentence of Paragraph 12, and further admits that in accordance with standard practice for persons charged with felony offenses in which the State is not seeking to deny bond, Plaintiff was transported to the Criminal Courts Complex at 26th Street and California Avenue for a bond hearing, which was conducted via closed-circuit television, and at which, because he was indigent, he was represented by the Cook County Public Defender. Defendant denies the remaining allegations contained in Paragraph 12.

13. Plaintiff will fairly and adequately protect the interests of the class. The MacArthur Justice Center, whom Plaintiff has retained to represent the class, is experienced in civil

5

rights and class action litigation and will aggressively seek to vindicate the rights of the Plaintiff class.

**ANSWER**: Defendant denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

    14.    The defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief and final injunctive relief with respect to the class as a whole.

**ANSWER**: Defendant denies the allegations contained in Paragraph 14 as to him.

    15.    In or about June 1999, Cook County implemented General Order 99-6 of the Circuit Court of Cook County (the "Order"), a copy of which is attached hereto as Ex. A. The Order established the Central Bond Court and directed that bond hearings, except in cases where the State is seeking to deny bond for persons charged with non-probationable, felony offenses, "shall be conducted by means of closed circuit television."

**ANSWER**: Defendant admits the allegations contained in Paragraph 15.

    16.    On each court day, approximately 100 to 150 bond applicants, persons who have been arrested within the past 24 hours within the City of Chicago, are transported from police lock-ups around the City to holding pens located in the basement of the Criminal Court building directly below Courtroom 101, where Central Bond Court is held. The great majority of these persons are indigent and are represented at their bond hearings by the Cook County Public Defender.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 16. Defendant admits the remaining allegations contained in Paragraph 16.

    17.    On information and belief, the holding pens are designed to accommodate approximately 25 to 30 detainees. Two of the pens are designated for males and one is designated for

6

females. A typical call in bond court includes over 100 males. Thus, each male holding pen is filled to close to twice its rated occupancy, making it impossible for detainees even to sit down while waiting in the pens. On most days, individuals who are physically ill and/or who are suffering from drug withdrawal are confined in the holding pens. The noise level in the pens is always excessive and temperatures are sometimes uncomfortable.

**ANSWER:** Defendant admits the allegations contained in Paragraph 17.

18. Bond applicants represented by the Public Defender have no opportunity to speak with a lawyer prior to the beginning of the Central Bond Court call. Instead, shortly prior to the call, the bond applicants each speak for no more than a few moments with an investigator who stands at the front of the holding pen, calls each detainee forward by name, and records information about their residence, employment, family, and military service on a chart that is then made available to the Assistant Public Defender handling the Central Bond Court call. Because of the conditions in the holding pens and the number of individuals confined there, the conversations between the investigator and the bond applicants are not private or confidential.

**ANSWER:** Defendant admits the allegations contained in Paragraph 18.

19. The Sheriff of Cook County, whose deputies are in charge of the holding pens, strictly limits the access of Public Defender personnel to the bond applicants in the holding pens prior to the beginning of the court call. No access is permitted prior to approximately 10:30 a.m. each day, and access is cut off at approximately 12:15 p.m. Ordinarily, two or three investigators are assigned to conduct interviews of all the detainees. These two or three investigators must "interview" 100 to 150 bond applicants (in the conditions described in the preceding paragraphs) within approximately 100 minutes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the deputies of the Sheriff of Cook County are "in charge of the holding pens." Defendant admits the remaining allegations contained in Paragraph 19.

20. When Central Bond Court convenes, the bond applicants file through a corridor in the basement of the Criminal

7

>Court building to a small room with a podium in the center. Facing the podium are a video camera and a television monitor on which the video image of the judge presiding over the call in Courtroom 101 appears. A Deputy Sheriff directs each bond applicant to the podium when his case is called. An Assistant Public Defender is supposed to be stationed in the basement video room throughout the court call, although he is sometimes absent. This Assistant Public Defender takes no part in the presentation of the cases to the court. This attorney furnishes each bond applicant with a piece of paper listing the next court date in the applicant's case and signals the bond applicants to be silent during the proceedings and to move away from the podium when their cases are finished.

**ANSWER:** Defendant admits the allegations contained in the first, second, and third sentences in Paragraph 20. Defendant further admits that an Assistant Public Defender is supposed to be stationed in the basement video room throughout the court call, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourth sentence of Paragraph 20. Defendant denies the allegations contained in the fifth sentence of Paragraph 20, and admits the remaining allegations contained in Paragraph 20.

>21. In Courtroom 101, an Assistant Public Defender and an Assistant State's Attorney stand before the bench. Video monitors are situated in the courtroom so that the judge is able to see a video image of the bond applicant. The bond applicant's image on the video monitor is also visible to spectators in the courtroom and can be seen by the attorneys standing before the bench, but only if they step back from the bench and look to the side of the courtroom. The images shown both in the courtroom and in the basement are grainy and of poor quality. Typically the bond applicant's image is not centered on the video monitor.

**ANSWER:** Defendant admits the allegations contained in Paragraph 21.

>22. The hearings almost always last less than 30 seconds. In that very short period of time, the State's Attorney recites the charges against the detainee; the Court makes a *Gerstein v. Pugh* finding of probable cause; the State's Attorney "argues" for a high bond (reciting any criminal history or past failures to

8

appear); the Assistant Public Defender reads aloud information concerning the applicant from the investigator's chart (frequently mentioning no more than the applicant's address, marital status, and years of residence in Chicago); the court sets the amount of the bond; and the court continues the case for further hearing – typically on a date two to three weeks following the bond hearing. The hearings progress so rapidly that it is not uncommon for the proceedings to commence before the defendant is even "present" before the podium.

**ANSWER:** Defendant admits the allegations contained in Paragraph 22.

23. As a direct and proximate result of their absence from the courtroom and the lack of any opportunity to communicate with counsel prior to the hearing, the bond applicants are deprived of any meaningful opportunity to communicate to the court information that may he relevant to the setting of bail, including, by way of example, inaccuracies in the criminal history information supplied to the court by the Assistant State's Attorney and/or additional life circumstances that might warrant setting a low bond or allowing the applicant to be released on individual recognizance.

**ANSWER:** Defendant admits the allegations contained in Paragraph 23.

24. Because of the physical separation between themselves and the court and the lack of any opportunity to communicate with counsel prior to the hearing, applicants typically perceive themselves to have no ability or entitlement to communicate with the court. In fact, on the rare occasions when a bond applicant seeks to address the court directly, he is immediately silenced by the sitting judge.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to how bond applicants perceive themselves during bond hearings. Defendant admits the remaining allegations contained in Paragraph 24.

25. The bond applicants also have no practical ability to communicate with the Assistant Public Defender handling the hearing in the courtroom. The applicants have not met that Assistant Public Defender prior to the hearing and are unable even to see an image of the Assistant Public Defender on the video monitor in the room in which they are located during the hearing. Therefore, the bond applicants cannot, as a practical matter,

9

>communicate to their counsel inaccuracies in the criminal history information supplied to the court by the Assistant State's Attorney and/or additional life circumstances that might warrant setting a low bond or allowing the applicant to be released on individual recognizance.

**ANSWER:** Defendant admits the allegations contained in Paragraph 25.

>26. As a direct and proximate result of the bond applicants' physical separation from the judge, the judge loses the ability to perceive those applicants as three dimensional human beings. Research has shown that conducting bond hearings by closed circuit television rather than in person may negatively prejudice the judge against the bond applicants and cause inappropriately high bonds to be entered. In addition, conducting bond hearings in this manner deprives the judge of any opportunity to observe whether there are signs that a particular bond applicant is suffering from injury or illness and in need of treatment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 26. Defendant admits the remaining allegations contained in Paragraph 26.

>27. Plaintiff was arrested by the Chicago Police on or about June 25, 2006 and charged with the offense of possession of a stolen motor vehicle. He will be transported to the Criminal Court Complex at 26th and California Ave. for a hearing in Central Bond Court on June 26, 2006. Plaintiff's bond hearing will be conducted in the manner described in the preceding paragraphs.

**ANSWER:** Defendant admits the allegations contained in the first sentence of Paragraph 27 and further admits that Plaintiff was transported to the Criminal Court Complex at 26th and California Ave. for a hearing in Central Bond Court on June 26, 2006 and that Plaintiff's bond hearing was conducted in the manner described in the preceding paragraphs. Defendant denies the remaining allegations contained in Paragraph 27.

>28. It would be possible for Cook County to conduct in person bond hearings, and to provide bond applicants with a meaningful opportunity to consult with counsel prior to such hearings at little or no additional cost.

10

**ANSWER:** Defendant admits that it would be possible for Cook County to conduct in-person bond hearings, and to provide bond applicants with a meaningful opportunity to consult with counsel prior to such hearings, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. Bond applicants, who are presumed innocent, have a constitutionally recognized right to bail.

**ANSWER:** Defendant admits the allegations contained in Paragraph 29.

30. The stakes in the bond hearings described in the preceding paragraphs are extremely high for the bond applicants because they may lose their liberty for a significant period of time as a result of the determination made in the bond hearing. Bond applicants' next opportunity to contest the bail determination is at the preliminary hearing, which typically occurs two to three weeks following the video bail hearing. Assistant Public Defenders almost never seek reconsideration of the bond set in Central Bond Court (either at the time of the preliminary hearing or thereafter) because it is well known that judges in the Circuit Court of Cook County are extremely reluctant to reconsider bond after it has initially been set.

**ANSWER:** Defendant admits the allegations contained in the first and second sentences of Paragraph 30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. The defendants are acting with deliberate indifference to the rights of Plaintiff and the members of the Plaintiff class by conducting Central Bond Court hearings in the manner alleged in this complaint.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 as to him.

### COUNT I

**(Declaratory Relief – Violation of Due Process)**

32.  Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth in this Count I.

**ANSWER:**  Defendant restates his answers to Paragraphs 1-31 as though fully set forth herein.

33.  This Count is brought against all defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. There is an actual controversy between the members of the Plaintiff class and the defendants with respect to whether the conduct of bond hearings in Central Bond Court violates Due Process. This Count seeks an order declaring the rights of the Plaintiff class with respect to that controversy.

**ANSWER:**  Defendant admits that Plaintiff purports to bring this Count against all Defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as set forth in Paragraph 33, but denies the allegations contained in Paragraph 33 as to him.

34.  By continuing to conduct video bond hearings in the manner alleged in this complaint the defendants will violate Plaintiffs rights and the rights of the members of the Plaintiff class to procedural due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

**ANSWER:**  Defendant denies the allegations contained in Paragraph 34 as to him.

### COUNT II

**(Declaratory Relief – Violation of the Sixth Amendment)**

35.  Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth in this Count II.

**ANSWER:**  Defendant restates his answers to Paragraphs 1-34 as though fully set forth herein.

36. This Count is brought against all defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. There is an actual controversy between the members of the Plaintiff class and the defendants with respect to whether the conduct of bond bearings in Central Bond Court violates the Sixth Amendment right to the effective assistance of counsel. This Count seeks an order declaring the rights of the Plaintiff class with respect to that controversy.

**ANSWER:** Defendant admits that Plaintiff purports to bring this Count against all Defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as set forth in Paragraph 36, but denies the allegations contained in Paragraph 36 as to him.

37. The Sixth Amendment to the United States Constitution affords bond applicants the right to counsel at their bond hearings.

**ANSWER:** Defendant admits the allegations contained in Paragraph 37.

38. Through no fault of any individual Assistant Public Defender, the structural limitations imposed by the circumstances of the Assistant Public Defender's very limited access to its clients prior to Central Bond Court hearings and by the use video bond technology to conduct those hearings prevent the assigned Assistant Public Defender from assisting bond applicants during Central Bond Court hearings.

**ANSWER:** Defendant admits that through no fault of any individual Assistant Public Defender, the structural limitations imposed by the circumstances of the Assistant Public Defender's very limited access to its clients prior to Central Bond Court hearings and by the use of video bond technology to conduct those hearings impede the assigned Assistant Public Defender from assisting bond applicants during Central Bond Court hearings. Defendant denies the remaining allegations contained in Paragraph 38.

39. Although the Office of the Public Defender makes counsel available to bond applicants at Central Bond Court, the likelihood that even the most fully competent lawyer could provide effective assistance counsel under the conditions described in the preceding paragraphs is virtually non-existent.

13

**ANSWER:** Defendant admits that although the Office of the Public Defender makes counsel available to bond applicants at Central Bond Court, the likelihood that even the most fully competent lawyer could provide effective assistance counsel under the conditions described in the preceding paragraphs is seriously challenged by those conditions. Defendant denies the remaining allegations contained in Paragraph 39.

### COUNT III

### (Injunctive Relief – Violation of Due Process)

40. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth in this Count III.

**ANSWER:** Defendant restates his answers to Paragraphs 1-39 as though fully set forth herein.

41. This Count is brought against all defendants other than the Hon. Kenneth Wright seeking injunctive relief to prevent the continued violation of the rights of Plaintiff and the members of the Plaintiff class to have their bond set in a manner consistent with the Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**ANSWER:** Defendant admits that Plaintiff purports to bring this Count for injunctive relief as set forth in Paragraph 41, but denies the allegations contained in Paragraph 41 as to him.

42. By continuing to conduct video bond hearings in the manner alleged in this complaint the defendants will violate the Plaintiffs rights and the rights of the members of the Plaintiff class to procedural due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 42 as to him.

43. Plaintiff and the class he represents have no adequate remedy at law and will suffer irreparable harm if an

14

>injunction is not entered against the defendants enjoining them from violating the procedural due process rights of Plaintiff and the Plaintiff class. The balance of harms between the parties favors entering injunctive relief and an injunction in this case would serve the public interest.

**ANSWER:** Defendant denies that this suit may properly be maintained as a class action against him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

### COUNT IV

### (Injunctive Relief – Violation of the Sixth Amendment)

>44. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth in this Count IV.

**ANSWER:** Defendant restates his answers to Paragraphs 1-43 as though fully set forth herein.

>45. This Count is brought against all defendants other than the Hon. Kenneth Wright seeking injunctive relief to prevent the violation of the rights of Plaintiff and the members of the Plaintiff class to have the effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution, in the setting of bond.

**ANSWER:** Defendant admits that Plaintiff purports to bring this Count for injunctive relief as set forth in Paragraph 45, but denies the allegations contained in Paragraph 45 as to him.

>46. The Sixth Amendment to the United States Constitution affords bond applicants the right to counsel at their bond hearings.

**ANSWER:** Defendant admits the allegations contained in Paragraph 46.

>47. Through no fault of any individual Assistant Public Defender, the structural limitations imposed by the circumstances of the Assistant Public Defender's very limited access to its clients prior to Central Bond Court hearings and by the use video bond technology to conduct those hearings prevent the assigned

15

>Assistant Public Defender from assisting bond applicants during Central Bond Court hearings.

**ANSWER:** Defendant admits that through no fault of any individual Assistant Public Defender, the structural limitations imposed by the circumstances of the Assistant Public Defender's very limited access to its clients prior to Central Bond Court hearings and by the use of video bond technology to conduct those hearings impede the assigned Assistant Public Defender from assisting bond applicants during Central Bond Court hearings. Defendant denies the remaining allegations contained in Paragraph 47.

>48. Although the Office of the Public Defender makes counsel available to bond applicants at Central Bond Court, the likelihood that even the most fully competent lawyer could provide effective assistance counsel under the conditions described in the preceding paragraphs is virtually non-existent.

**ANSWER:** Defendant admits that although the Office of the Public Defender makes counsel available to bond applicants at Central Bond Court, the likelihood that even the most fully competent lawyer could provide effective assistance counsel under the conditions described in the preceding paragraphs is seriously challenged by those conditions. Defendant denies the remaining allegations contained in Paragraph 48.

>49. Plaintiff and the class he represents have no adequate remedy at law and will suffer irreparable harm if an injunction is not entered against the defendants enjoining them from violating the Sixth Amendment rights of Plaintiff and the Plaintiff class to have the effective assistance of counsel. The balance of harms between the parties favors entering injunctive relief and an injunction in this case would serve the public interest.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

## **ADDITIONAL DEFENSES**

1. The Court lacks jurisdiction over Plaintiff's Section 1983 claims against Defendant because Defendant's alleged actions were not taken under color of state law.

2. The Complaint fails to state a valid claim against Defendant because he is not a state actor.

3. The Complaint otherwise fails to state a valid claim against Defendant.

4. This suit may not properly be maintained as a class action against Defendant.

WHEREFORE, Defendant Public Defender Edwin Burnette demands judgment in his favor and against Plaintiff, and such other and further relief as the Court deems just.

DATED: November 8, 2006

Respectfully submitted,

/s/ Patricia Brown Holmes
Patricia Brown Holmes
Roger Pascal
Aphrodite Kokolis
SCHIFF HARDIN LLP
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 258-5500

Attorneys for Defendant
Cook County Public Defender Edwin Burnette

17

## **CERTIFICATE OF SERVICE**

I, Patricia Brown Holmes, an attorney, certify that on Wednesday, November 8, 2006, I filed the foregoing Answer to Complaint for Declaratory and Injunctive Relief using the Court's CM/ECF system and caused it to be served upon the following attorneys of record:

Locke E. Bowman, III
MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-0844
Fax: (312) 503-1272
Email: l-bowman@law.northwestern.edu

Jeffrey S. McCutchan
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6461
Email: jmccutc@cookcountygov.com

John P. Heil, Jr.
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5468
Fax: (312) 603-5797
Email: jheil@cookcountygov.com

Peter Chadwell Koch
Office of the Attorney General
100 West Randolph Street
Chicago, IL 60601
(312) 814-7203
Email: pkoch@atg.state.il.us

Kathleen Louise Ford
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
(312) 814-5160
Email: kford@atg.state.il.us

/s/ Patricia Brown Holmes